# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PEGGY KATHERINE** ) | |
| **GEROSTATHOS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Case No.: 2:06-CV-0009-VEH** |
| **v.** ) | |
| ) | |
| **LOGAN'S ROADHOUSE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiffs Peggy Katherine Gerostathos ("Mrs. Gerostathos") and Tim Gerostathos ("Mr. Gerostathos") originated this lawsuit in the Circuit Court of Jefferson County on November 4, 2005. (Doc. #1 at Compl. at 1). Defendant Logan's Roadhouse, Inc.'s ("Logan's") removed the litigation to this court on January 4, 2006. (Doc. #1). Pending before the court is Logan's Motion for Summary Judgment (Doc. #8) filed on September 1, 2006.

This slip and fall case arises out of Mrs. Gerostathos's dining visit to Logan's on November 6, 2003. (Doc. #1 at Compl. ¶ 5). Upon consideration of the record and the relevant law, the court concludes that Logan's Motion for Summary Judgment

is due to be granted, and that Plaintiffs' Complaint is due to be dismissed with prejudice.

## II.  ANALYSIS

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23; see Fed. R. Civ. P. 56(a)-(b).

Rule 56(e) of the Federal Rules of Civil Procedure provides in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).  Thus, although a court may not a grant a motion for summary judgment simply because the motion goes unopposed, it may do so if the moving

party has shown that there are not disputed issues of material fact and that she is entitled to judgment as a matter of law.

### A. Plaintiffs have procedurally failed to respond to Logan's Motion for Summary Judgment.

Applying these standards to this case, the court concludes that Logan's has demonstrated that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Plaintiffs have not come forward with any evidence in response to Logan's initial showing on summary judgment. Moreover, pursuant to the court's Scheduling Order entered on February 6, 2006, the deadline for Plaintiffs to file their written opposition to summary judgment was September 22, 2006. (*See* Doc. #9 at Appendix II at 1 ("The responsive submission of the party opposing the motion for summary judgment shall be filed not later than 21 days after the motion for summary judgment is filed."); *see also* Doc. #4 at Appendix II at 1).

Moreover, while Plaintiffs did seek an extension of their deadline to respond to summary judgment (*see* Doc. #10), they failed to substantiate this request with a Rule 56(f) affidavit (*see* margin order entered on September 12, 2006) and never renewed or refiled their motion with this additional documentation. Therefore, from a procedural standpoint, Plaintiffs have failed to meet their burden on opposition "to go beyond the pleadings and . . . designate 'specific facts showing that there is a

genuine issue for trial,'" *Celotex*, 477 U.S. at 324.

**B.      Substantively, Logan's Motion for Summary Judgment is well-founded and due to be granted.**

Additionally, the evidentiary record demonstrates that summary judgment in favor of Logan's is appropriate. More specifically, no material issues of fact exist which would suggest that the injuries of Mrs. Gerostathos were caused by the negligence of Logan's. Rather, the undisputed evidence demonstrates that Logan's did not breach any duty of care owed to Mrs. Gerostathos. Alternatively, Logan's is entitled to summary judgment on the negligence and wantonness claims of Mrs. Gerostathos due to (i) the open and obvious danger that the peanut shells posed to her as an invitee to the restaurant, and (ii) her voluntary assumption of the risk.[1] *See, e.g., Hines v. Hardy*, 567 So. 2d 1283, 1285 (Ala. 1990) (affirming summary judgment order on basis that wet surface of crosstie due to rain is a known and obvious danger that imposes no duty to warn); *Skipper v. Shannon, Strobel & Weaver, Inc.*, 623 So. 2d 1072, 1074 (Ala. 1993) (affirming summary judgment order when a plaintiff "aware of the presence of the replacement tiles and of the risk they posed[,]" injures herself by tripping over a gap in the floor between "the old and the new tiles").

---

[1] Mrs. Gerostathos admits in her deposition that she repeatedly and voluntarily exposed herself to the alleged risk of peanut shells on the floor during multiple visits to various Logan's locations. (*See* Doc. #9 at Ex. A at 58, 60-61, 76, 84).

As for Mr. Gerostathos's loss of consortium count, such a claim is derivative of and dependent upon the injured spouse's direct claim for injury caused by a defendant's wrongful conduct. *Ex parte Progress Rail Servs. Corp.*, 869 So. 2d 459, 462 (Ala. 2003). Because Mrs. Gerostathos has not established a material factual issue as to Logan's liability for her alleged injuries, Mr. Gerostathos's claim for loss of consortium necessarily also fails. Therefore, Logan's has shown it is entitled to judgment as a matter of law on all Plaintiffs' claims.

### III.  CONCLUSION

Accordingly, Logan's Motion for Summary Judgment is due to be granted, and Plaintiffs' complaint is due to be dismissed with prejudice. The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 11th day of October, 2006.

**VIRGINIA EMERSON HOPKINS**
United States District Judge